UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LUCAS VELASCO MEJIA, | ) | CASE NO. 3:22-CV-302 |
| | ) | |
| Petitioner, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN KENNETH BLACK, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

Before the Court is Magistrate Judge Jonathan D. Greenberg's Report and Recommendation ("R&R") recommending the Court dismiss and/or deny Petitioner Lucas Velasco Mejia's ("Mejia") Amended Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 24.) Mejia timely submitted an objection to the R&R. (Doc. 35.) Warden Kenneth Black ("Respondent") responded to the objection (Doc. 36), and Mejia replied (Doc. 37).

For the following reasons, Mejia's objection is OVERRULED, and the R&R is ACCEPTED and ADOPTED. The Amended Petition (Doc. 15) is DENIED and DISMISSED.

I.    BACKGROUND

A.  Trial Court Proceedings

On October 19, 2018, Mejia was charged with one count of rape in violation of Ohio Revised Code § 2907.02(A)(1)(b) and (B), one count of rape in violation of Ohio Revised Code § 2907.02(A)(1)(b) and (B) with a specification that he "purposely compelled the victim to submit by force or threat of force," and one count of sexual battery in violation of Ohio Revised

Code § 2907.03(A)(5) and (B).  *State v. Mejia*, 164 N.E.3d 1177, 1178 (Ohio Ct. App.2020).[1]  These charges stemmed from sexual acts perpetrated on Mejia's minor stepdaughter.  *Id.*

On October 22, 2018, Mejia entered a plea of not guilty on these charges.  *Id.*  On March 20, 2019, he withdrew his plea.  (Doc. 19-1 at 180.)[2]  On March 21, 2019, the parties informed the state court that Mejia would plead guilty to Count One in exchange for dismissing Counts Two and Three.  *State v. Mejia*, 164 N.E.3d at 1179.  During the plea colloquy, Mejia was informed that "the mandatory penalty in this case is that the Court would have to impose a prison term of 25 years up to life."  *Id.* (alterations omitted).  At the sentencing hearing, the trial court noted "[t]he prison sentence is mandatory, and on Count 1, the offense of rape being a felony in the first degree, the Court would impose a 25 year to life prison sentence that is mandatory."  *Id.* at 1180.

### B.  Direct Appeal

On September 13, 2019, Mejia filed a notice of appeal and a motion for leave to file a delayed appeal.  (Doc. 19-1 at 193-94.)  On November 19, 2019, the state appellate court granted the motion.  (*Id.* at 201-03.)  Mejia raised four assignments of error:

> I. The failure of Appellant's trial counsel to file a Motion to Suppress constituted ineffective assistance of counsel in violation of Appellant's rights under Article I, Section 10 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution, rendering Appellant's guilty plea not knowingly, voluntarily, and intelligently entered.

---

[1] Mejia did not object to the R&R's reliance on the state court appellate opinion to establish the factual record.  Under the Antiterrorism and Effective Death Penalty Act of 1998, the facts established in the state courts "shall be presumed to be correct" unless Petitioner rebuts "the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  Therefore, the facts established in the state court proceedings and restated in the R&R are presumed correct.

[2] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

> II. Appellant's sentence was contrary to law.
>
> III. The failure of Appellant's trial counsel to advocate for a lesser prison sentence for Appellant constituted ineffective assistance of counsel in violation of Appellant's rights under Article I, Section 10 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution.
>
> IV. Appellant's sentence was not supported by the record.

*State v. Mejia*, 164 N.E.3d at 1180.

On December 23, 2020, Mejia prevailed on his second assignment of error, and the matter was remanded to the trial court for resentencing. *Id.* at 1186. The state appellate court concluded Mejia's first assignment of error lacked merit, and the remaining assignments of error were denied as moot. *Id.* at 1180-86. Mejia's sentence was thereafter modified to a term of 10 years to life. (Doc. 19 at 365-68.) Mejia did not appeal his resentencing. He also did not appeal the appellate court's decision on his first ground for relief. This decision not to appeal is notable, because the first ground for relief presented to and rejected by the state appellate court is the same ground for relief stated in his original petition to this Court. (*See* Doc. 1.)

### C. Trial Court Post-Conviction Relief

Mejia moved the trial court for post-conviction relief. On December 29, 2020, he filed a *pro se* petition for post-conviction relief that mirrored his first assignment of error before the state appellate court:

> I. The failure of Defendant's trial counsel to file a Motion to Suppress constituted ineffective assistance of counsel in violation of Appellant's rights under Article I, Section 10 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution, rendering Appellant's guilty plea not knowingly, voluntarily, and intelligently entered.

(Doc. 19 at 370-81.) The state responded in opposition. (*Id.* at 382-97.)

On February 10, 2021, Mejia filed a motion to supplement the record to include a video recording of a police interview in August 2018, (*id.* at 398-99), which the state opposed (*id.* at 400-02). The court denied Mejia's motion to supplement as "untimely and unduly burdensome with no likelihood that it would affect the Court's decision on the Post Conviction Relief request." (*Id.* at 405.) The court also denied post-conviction relief because there was "insufficient evidence to demonstrate any ineffective assistance of counsel." (*Id.*) The court held Mejia "was provided reasonable and competent assistance in dealing with any language barrier both at the time of the incident and throughout the proceedings" such that there was "no realistic expectation that a more clear interpretation of *Miranda* would have had any impact on the case or counsel's performance." (*Id.*) Mejia did not appeal this decision.

### D. Federal Court Proceedings

On February 10, 2022, Mejia filed a petition for habeas relief asserting the same basis for relief presented to the state appellate court on direct appeal and to the trial court in his motion for post-conviction relief:

> GROUND ONE: The failure of Appellant's trial counsel to file a Motion to Suppress constituted ineffective assistance of counsel in violation of Appellant's rights under Article I, Section 10 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution, rendering Appellant's guilty plea not knowingly, voluntarily, and intelligently entered.

(Doc. 1 at 4.)

Two months later, Mejia moved for the appointment of counsel. (Doc. 7.) After the motion was fully briefed, it was granted and the Federal Public Defender appointed. (Doc. 11.)

On June 2, 2022, the parties jointly moved to extend deadlines, which was granted. In the motion, Mejia's counsel forecasted the likely need to amend the petition. (*See* Doc. 12 at

68.) Two additional requests to extend deadlines, including the deadline to amend the petition, were granted. (Docs. 13, 14; July 1, 2022 Order; September 1, 2022 Order.)

On October 6, 2022, Mejia filed his Amended Petition stating the following grounds for relief:

> GROUND ONE: Mr. Mejia's Right to The Effective Assistance of Counsel Was Violated When Counsel Failed to Move to Suppress His Custodial Statements to Law Enforcement in Violation of his Fifth, Sixth and Fourteenth Amendment Rights to the Constitution.
>
> GROUND TWO: The State Violated Mr. Mejia's Fifth and Fourteenth Amendment Rights Under Miranda When It Conducted a Custodial Interview Without a Knowing, Voluntary and Intelligent Waiver.
>
> GROUND THREE: The State of Ohio has Created a Liberty Interest in Its Post Conviction Proceedings. Once a State Has Created this Interest, It Cannot Circumvent that Interest Without Violating a Post-Conviction Petitioner's Rights Under the Fourteenth Amendment of the United States Constitution.

(Doc. 15 at 100, 104, 107.) The Amended Petition did not adopt or incorporate the original petition.

On October 20, 2022, Mejia moved to expand the record to include a translation of his interview with police officers, which was opposed and denied. On February 3, 2023, Respondent filed a Return of Writ to the Amended Petition. (Doc. 19.) The docket does not reflect Respondent ever responded to the original petition. On September 1, 2023, Mejia filed his Traverse. (Doc. 32.) Respondent filed a sur-reply to the Traverse on September 19, 2023. (Doc. 33.)

## II.     LEGAL STANDARD

"A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which the objection is made." 28 U.S.C. § 636(b)(1)(C); *Powell v. United States*, 37 F3d 1499 (Table), 1994 WL 532926, at *1, 1994 U.S. App. LEXIS 27813, at *3 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a

magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."); *see also* Fed. R. Civ. P. 72(b)(3).

An objection that "does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before" is not considered a proper objection for the district court's de novo review. *Woodson v. Ohio*, No. 19-cv-0339, 2022 WL 842240, at *1, 2022 U.S. Dist. LEXIS 51388, at *3 (N.D. Ohio Mar. 22, 2022) (quoting *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004)); *see also* L. Civ. R. 72.3(b) (stating that any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"). Mejia timely stated a specific objection to the R&R's conclusion he waived the grounds for relief that were not time-barred.

While Mejia's objection prompts this Court's *de novo* review, that review is still governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

28 U.S.C. § 2254(d)(1)-(2).

The AEDPA's deferential review standard was intentional. *Harrington v. Richter*, 562 U.S. 86, 103 (2011). The question on *de novo* review "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). To receive habeas relief in federal court, the petitioner "must show the state court's ruling on the claim presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 at 103-04. "[H]abeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* at 102-03 (quoting *Jackson v. Va.*, 443 U.S. 307, 332 n.5 (1979)).

## III. ANALYSIS

### A. Report and Recommendation

The R&R rejected Respondent's assertion that Mejia's Amended Petition was time-barred in its entirety. Grounds One and Two, it concluded, related back to the original petition because both petitions addressed the same "conduct, transaction, or occurrence." (Doc. 34 at 604 (citing Fed. R. Civ. P. 15(c)(1)(B) and *Watkins v. Deangelo-Kipp*, 854 F.3d 846, 849-50 (6th Cir. 2017)).) Ground Three, however, "differ[ed] in both time and type from the claim raised in the original Petition" and did not relate back. (*Id.* at 606.) Neither party objected to the R&R's recommended findings of timeliness or lack thereof.

The R&R then considered amendment and waiver, recommending three findings: (1) by pleading guilty, Mejia waived the right to pre-plea challenges that he was deprived of a constitutional right, although he retained the right to challenge whether the knowing and voluntariness of his plea; (2) amending the petition to exclude the challenge to the knowing and

voluntariness of the plea prevents Mejia from raising it in post-Amended Petition briefing; and (3) Mejia's argument that challenging the custodial interview encompasses legal arguments for any later court proceeding cannot be considered because this argument was presented for the first time in his Traverse. (Doc. 34 at 607-09.)

### B. Objection

On May 30, 2024, Mejia objected to the R&R's finding that he waived his right to a review of Grounds One and Two. (Doc. 35 at 610.) In it, he acknowledged, under Sixth Circuit precedent stated in *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005), a habeas petitioner "must state all *claims* in the petition." (*Id.* at 611-12 (emphasis added).) But, he urged, there is no similar requirement for "all legal *argument* supporting a claim," nor are petitioners required to "set forth 'every fact' bearing on their claims in their petitions in order to avoid summary dismissal." (*Id.*) To Mejia, his grounds for relief were specific enough to satisfy the requirements set by Rule 2 of the Rules Governing 2254 Cases because they contain "both the clearly established Supreme Court precedent and the operative facts on which the claim was based." (*Id.* at 613.) The arguments in his Traverse "expound[ed] on how counsel's deficient performance prejudiced the outcome of the proceedings" and were not required to be included in the Amended Petition to properly state a claim. (*Id.*) Mejia asked the Court to find the R&R "erred by requiring more specificity than the law mandates." (*Id.* at 613.)

In response to Mejia's objection, Respondent argued that he may not "raise for the first time in his traverse . . . a claim that trial counsel's ineffectiveness rendered the plea not knowing, voluntary and intelligent." (Doc. 36 at 616-17 (citing cases).) Mejia "abandoned those claims when his counsel filed the amended petition and set forth grounds for relief alleged errors that preceded the guilty plea." (*Id.* at 616.) Respondent further countered that Mejia's Traverse does

not expound on the prejudice issue as he claims, but pleads new claims that "differ in both time and type." (*Id.* at 617.) His claims involve ineffective assistance at two parts of the trial: "one focused on errors by counsel that preceded the plea and the second focused on alleged ineffectiveness that rendered the plea not knowing and voluntary." (*Id.*) Lastly, Respondent argued that even if the Court did consider Mejia's claims, procedural default would still justify dismissing his Amended Petition. (*Id.*)

Amended pleadings generally supersede original pleadings. *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014). This rule applies in the habeas context unless "a party evinces an intent for the amended pleading to supplement rather than supersede the original pleading" or "a party is forced to amend a pleading by court order." *Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016). "An amended pleading supersedes a former pleading if the amended pleading 'is complete in itself and does not refer to or adopt a former pleading.'" *Id.* (quoting *Shreve v. Franklin Cnty.*, 743 F.3d 126, 131 (6th Cir. 2014)). Here, the Amended Petition, filed by counsel, is complete in itself. It is 18 pages long and plainly states three separate grounds for relief with supporting facts. (*See* Doc. 15.) Nowhere in the Amended Petition is a reference to the original petition, let alone a statement adopting or incorporating the original petition. Mejia did not evince an intent to supplement. The Amended Petition plainly supersedes the original petition.

Turning to waiver, Mejia does not dispute his guilty plea precludes future "claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Having entered his guilty plea, all that is left is an "attack [on] the voluntary and intelligent character of the guilty plea" itself. *Id.*; *see also Werth v. Bell*, 692 F.3d 486, 495 (6th Cir. 2012) ("[A]fter the entry of an unconditional

guilty plea, the defendant may challenge only the court's jurisdiction and the voluntary and intelligent character of the plea itself.").

Ground One states an ineffective assistance of counsel claim for failure to move to suppress statements made during a custodial interview. (Doc. 15.) Ground Two challenges his understanding of the *Miranda* warnings and subsequent consent to the interview. (*Id.*) On their face, both request relief specific to the deprivation of constitutional rights *prior to* pleading guilty. As such, both are waived. *See Tollett*, 411 U.S. at 267; *Werth*, 692 F.3d at 495.

Under *McFarland v. Scott*, "[h]abeas corpus petitioners must meet heightened pleading requirements[.]" 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)); *see Jefferson v. United States*, 730 F.3d 537, 548 (6th Cir. 2013) (referencing "fact-pleading requirement" for habeas petitions); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("The § 2254 Rules and the § 2255 Rules mandate 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a)."). Mejia acknowledges as much. (Doc. 25 at 612 ("United States Circuit Courts have held that [] a habeas petition must contain more than the notice pleading required in civil case complaints[.]").) In contrast to the notice pleading standard set in Federal Rule of Civil Procedure 8(a), "Habeas Corpus Rule 2(c) requires habeas petitioners to 'specify all the grounds for relief available,' and to 'state the facts supporting each ground.'" *Mayle v. Felix*, 545 U.S. 644, 669 (2005) (Souter, J., dissenting). The purpose of Rule 2(c) "is to assist the district court in determining whether the State should be ordered to show cause why the writ should not be granted." *Id.* at 656 (Ginsburg, J.).

In addition to this heightened pleading standard, the Sixth Circuit has warned that "a district court may not 'create a claim which [a party] has not spelled out in his pleading.'" *Kelley v. Burton*, 792 Fed. App'x 396, 397 (6th Cir. 2020) (quoting *Clark v. Nat'l Travelers Life*

*Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).  "It is not enough for a party to 'mention a possible argument in the most skeletal way' and leave the court to 'put flesh on its bones.'" *Brenay v. Schartow*, 709 Fed. App'x 331, 336 (6th Cir. 2017).  Nor is it incumbent on the Court "to search the record and construct arguments" even where the Court can identify the argument a party "presumably had in mind." *Id.*

Applying these standards, the Amended Petition did not maintain a challenge to Mejia's guilty plea. *Kelley*, 792 Fed. App'x at 397 (holding "[t]he district court therefore erred in construing [the] petition to include a claim [petitioner] did not present").  The Amended Petition was filed with the assistance of counsel.  Mejia is therefore "not entitled to a 'liberal construction' of his petition." *Id.* (citing *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006)).  Moreover, even if he were entitled to such treatment, "liberal construction does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).  The Amended Petition includes allegations related to Mejia's alleged limited understanding of his *Miranda* rights and statements made during a custodial interview. (Doc. 15 at 101-02, 105-07.)  The Amended Petition *does not* include similar allegations about Mejia's knowledge or understanding of the nature and consequences (particularly the appeal consequences) of his guilty plea.  (*See id.*; *see also* Doc. 32 at 555 (discussing new allegations regarding the knowing and voluntary nature of Mejia's guilty plea).)  Though an attack on the voluntary and intelligent nature of the guilty plea was included in the original petition, this claim was not preserved in the Amended Petition.  *Brenay*, 709 Fed. App'x at 337 ("[W]hile it may be tempting to flesh out the parties' arguments for them, it is improper for the courts to do so.").

In general, an argument not raised in a petition and discussed only in a traverse is not properly presented.  *See Jalowiec v. Bradshaw*, 657 F.3d 293, 312 (6th Cir. 2011); *see also*

*Tyler*, 416 F.3d at 504 ("Because the . . . argument was first presented in [petitioner's] traverse rather than in his habeas petition, it was not properly before the district court, and the district court did not err in declining to address it." (citations omitted)).  District courts are not required to consider any "expanded claim" raised for the first time in a traverse.  *Royster v. Warden, Chillicothe, Corr. Inst.*, No. 18-3362, 2018 WL 8138770, at *2, 2018 U.S. App. LEXIS 39338, at *4 (6th Cir. Aug. 23, 2018).  Though these "expanded claims" may "share a common legal theory as those in [the] petition," if the claims "concern new factual bases that were not presented in [the petition]," they cannot be raised for the first time in a traverse.  *Id.* (affirming district court's decision to decline to consider expanded claims after concluding they were raised for the first time in the traverse.).

  Here, Mejia filed an Amended Petition removing any reference to his guilty plea.  Mejia's first post-Amended Petition reference to the knowing and voluntary nature of his guilty plea is stated in his Traverse, namely he "would not have pleaded guilty but for trial counsel's failure to file a motion to suppress the statements he made during the custodial interrogation in violation of his *Miranda* rights."  (Doc. 32 at 555.)  Mejia now argues this statement was a legal assertion that naturally follows the challenged deprivation of his constitutional rights.  The Court is not so persuaded.  Mejia did not preserve the right to present a challenge to the plea itself.  And if a stated ground for relief could be read to incorporate any potential challenges to subsequent events in the state court proceedings, the Supreme Court's holdings in *McFarland* and *Mayle* would have no meaning.

## IV. CONCLUSION

Petitioner Lucas Velasco Mejia's objection is OVERRULED, and the R&R is ACCEPTED and ADOPTED. The Amended Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 15) is DENIED and DISMISSED. The Court hereby certifies there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Date: March 28, 2025

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE